**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Michael DiRoma, | No. CV-26-01281-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Attorney General of the United States, | |
| Defendant. | |

Plaintiff Scott Michael DiRoma "is a prohibited possessor of firearms under 18 U.S.C. § 922(g)(1), having been convicted of a crime punishable by imprisonment for a term exceeding one year." (Doc. 1 at 1.) On June 30, 2025, DiRoma sent an application to the United States "Attorney General for relief from the disabilities imposed by Federal firearms law." (Doc. 1 at 2.) The Attorney General did not respond. (Doc. 1 at 2.) In February 2026, DiRoma filed this suit, seeking review of the Attorney General's alleged denial of his application. (Doc. 1 at 3.) The parties disagree whether DiRoma properly served defendant, but DiRoma proceeded as if he had and applied for entry of defendant's default. (Doc. 10.) Default was entered and DiRoma filed a motion for default judgment. (Docs. 11, 12.) At that point, defendant appeared and filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 12, 13.) Because jurisdiction does not exist, the complaint is dismissed without prejudice.

DiRoma seeks relief under 18 U.S.C. § 925(c). That statute allows a prohibited possessor to "make application to the Attorney General for relief from the disabilities

imposed by Federal law." 18 U.S.C. § 925(c). The statute further provides "[a]ny person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial." *Id.* In 1997, the Ninth Circuit analyzed this language and held "the word 'denial' means an adverse determination on the merits and does not include a refusal to act." *Burtch v. U.S. Dep't of the Treasury*, 120 F.3d 1087, 1090 (9th Cir. 1997). Without a determination on the merits, the Ninth Circuit concluded a district court lacks "subject matter jurisdiction under section 925(c)." *Id.* The Supreme Court later agreed, holding "[i]naction . . . does not amount to a 'denial' within the meaning of § 925(c)" and "does not invest a district court with independent jurisdiction to act on an application." *United States v. Bean*, 537 U.S. 71, 76 (2002). Courts continue to apply *Burtch* and *Bean* by dismissing complaints such as DiRoma's for lack of subject matter jurisdiction. *Jones v. California*, No. 2:23-CV-02769-FLA (JC), 2023 WL 5310221, at *2 (C.D. Cal. Aug. 16, 2023) (collecting cases).

The complaint concedes the Attorney General did not respond to DiRoma's application. (Doc. 1 at 2.) DiRoma claims that does not preclude jurisdiction here because "a denial entails . . . an *individualized, adverse determination* with respect to an application, regardless of whether that determination is reduced to writing or communicated to the applicant." (Doc. 15 at 2.) According to DiRoma, the Attorney General is now "selectively granting applications"—including, in a well-publicized instance, actor Mel Gibson's— which should be viewed as the Attorney General "reviewing and deciding whether to grant such applications." (Doc. 15 at 3; *see also* Doc. 12 at 2-3.) In other words, DiRoma believes his application must have been reviewed and denied, even though he has not been informed of that.

There is no indication in existing authority that this situation qualifies as a "denial" sufficient to support judicial review. The Supreme Court made clear "an actual adverse action on the application . . . is a prerequisite for judicial review." *Bean*, 537 at 76. Crucially for DiRoma's current argument, the Court explicitly rejected the argument that a

"*constructive*" denial of an application was enough. *Id.* Because DiRoma concedes he lacks "an actual denial" of his application, the court lacks jurisdiction.[1] *Id.* at 78; *see also Burtch*, 120 F.3d at 1090 (denial "does not include a refusal to act"). This conclusion means there is no need to resolve whether service of process was proper.

**IT IS ORDERED** the Motion for Default Judgment (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Dismiss (Doc. 13) is **GRANTED**. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall close this case.

Dated this 11th day of June, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

---

[1] DiRoma also argues the Attorney General has represented in other litigation that the administrative process has been re-established and "the restoration process is now available." (Doc. 17 at 3) (simplified). Even assuming the administrative process is available, that does not alter the fact that DiRoma has not yet received a denial of his application.